```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

JOSE HEBERTO ALVAREZ DENIS,

                Petitioner,      15-cr-632 (JGK)
                                            19-cv-8773 (JGK)

    - against -

                                             MEMORANDUM OPINION AND
UNITED STATES OF AMERICA,            ORDER

                Respondent.

------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The defendant, Jose Heberto Alvarez Denis, has moved pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce the sentence of imprisonment imposed by this Court. The petitioner, who is currently serving his sentence at FCI Allenwood Low ("Allenwood") in Pennsylvania, has a current release date in November, 2027, after which time he is likely to be removed from the United States. The petitioner now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical conditions are sufficiently severe, in light of the COVID-19 pandemic, to warrant his release. For the reasons explained below, the application is denied. See United States v. Hidalgo, 13 cr 413-2, 2020 WL 2642133 (May 26, 2020).

    On December 18, 2017, the defendant pleaded guilty, to one count of participating in a narcotics conspiracy. Plea Tr. at

26, ECF No. 25.¹  The single-count indictment charged the petitioner with conspiring in violation of 21 U.S.C. § 963 to (1) import into the United States a controlled substance; (2) manufacture and distribute a controlled substance, intending and knowing that the controlled substance would be unlawfully imported into the United States; and (3) manufacture and distribute, and possess with intent to distribute a controlled substance, on board an aircraft owned by a United States citizen and registered in the United States, in violation of 21 U.S.C. §§ 952(a), 959(b), 960(a)(1), 960(b)(1)(B)(ii), and 960(a)(3). The controlled substance with respect to this offense was five kilograms or more of cocaine. 21 U.S.C. § 960(b)(1)(B)(ii). ECF No. 5.  The plea was pursuant to a plea agreement in which the parties stipulated to a Sentencing Guideline Range of 188 to 235 months' imprisonment.

On April 11, 2019, this Court sentenced the defendant principally to 148 months' imprisonment.

The defendant has satisfied the exhaustion requirement of section 3582(c)(1)(A) because the relevant Warden denied the defendant's application for compassionate release on July 1, 2020.

---

¹ All docket entry citations are citations to the docket in the criminal case, No. 15-cr-632 (S.D.N.Y.).

The Government does not contest that there are sufficient extraordinary and compelling reasons to support the defendant's application. Although there are no reported cases of COVID-19 at Allenwood, the defendant suffers from diabetes and latent Tuberculosis which makes him more susceptible to the severe consequences of COVID-19 should he become infected.

However, the defendant has failed to show that the application of the sentencing factors in 18 U.S.C. § 3553(a) support his release. The Court carefully weighed the section 3553(a) factors about 16 months ago and arrived at the sentence that the Court found was the least sentence that would satisfy those factors. Sent. Tr. 20-27, ECF No. 61. There have been no developments since that time that change the Court's conclusions. The offense in this case was very serious. It involved a conspiracy to traffic over 500 kilograms of cocaine, an extremely large amount. The defendant committed this offense after having previously been convicted of a serious narcotics offense. Further, when arriving at the defendant's sentence, the Court downwardly varied by 40 months' imprisonment from the bottom of the Sentencing Guideline Range, which was also the sentence recommended by the Probation Department. The sentence imposed by the Court remains no greater than necessary to achieve the relevant goals of sentencing, particularly a

recognition of the seriousness of the offense and the need for deterrence.

## Conclusion

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  The defendant's application for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied, without prejudice to renewal should there be any changed circumstances warranting such relief.  Moreover, this Court would give prompt consideration to any applications relating to the defendant's medical treatment at Allenwood.

**SO ORDERED.**

| | |
|---|---|
| **Dated:** **New York, New York** **September 2, 2020** | **___/s/ John G. Koeltl_____** **John G. Koeltl** **United States District Judge** |