**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

───────────────────────────────

**JOSE HEBERTO ALVAREZ DENIS,**

                    **Petitioner,**          **15-cr-632 (JGK)**
                                             **19-cv-8773 (JGK)**

          **- against -**

                                             **MEMORANDUM OPINION AND**
**UNITED STATES OF AMERICA,**                **ORDER**

                    **Respondent.**

───────────────────────────────

**JOHN G. KOELTL, District Judge:**

     The pro se petitioner, Jose Heberto Alvarez-Denis, moves
pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct
his conviction and sentence on the ground that he allegedly
received ineffective assistance of counsel in violation of the
Sixth Amendment.  The petitioner also claims that he is entitled
to relief because the Court allegedly failed to advise him of
his right to appeal pursuant to Federal Rule of Criminal
Procedure 32(j)(1)(B). For the following reasons, the petition
is **denied**.

                              **I.**

     On December 18, 2017, the petitioner, then represented by
Matthew D. Myers, pleaded guilty to one count of participating
in a narcotics conspiracy. Plea Tr. at 26, ECF No. 25.[1] The
single-count indictment charged the petitioner with conspiring

───────────────

[1] All docket entry citations are citations to the docket in the criminal case,
No. 15-cr-632 (S.D.N.Y.).

in violation of 21 U.S.C. § 963 to (1) import into the United States a controlled substance; (2) manufacture and distribute a controlled substance, intending and knowing that the controlled substance would be unlawfully imported into the United States; and (3) manufacture and distribute, and possess with intent to distribute a controlled substance, on board an aircraft owned by a United States citizen and registered in the United States, in violation of 21 U.S.C. §§ 952(a), 959(b), 960(a)(1), 960(b)(1)(B)(ii), and 960(a)(3).  The controlled substance with respect to this offense was five kilograms or more of cocaine. 21 U.S.C. § 960(b)(1)(B)(ii); ECF No. 5.

At the plea hearing, the Court discussed with the petitioner the plea agreement pursuant to which the petitioner pleaded guilty. Plea Tr. at 21. The petitioner stated that the agreement had been translated for him into Spanish, that he understood the agreement, and that he had signed the agreement. Id. The petitioner affirmed that no one had offered him any inducements, or threatened him, or forced him to plead guilty or to enter into the plea agreement. Id. at 23.  At the plea hearing, the Court had the following colloquy with the petitioner:

> THE COURT: There is a provision of the plea agreement
> that provided that the defendant – that's you – will
> not file a direct appeal, nor bring a collateral
> challenge, including but not limited to, an
> application under Title 28, United States Code,

> Section 2255 and/or Section 2241, nor seek a sentence
> modification pursuant to Title 18, United States Code,
> Section 3582(c) of any sentence within or below the
> stipulated guidelines range of 188 to 235 months'
> imprisonment, even if the Court denies the defendant's
> application for safety-valve relief. Do you understand
> that?
> THE DEFENDANT: Yes.
> THE COURT: So, do you understand that if I, as the
> sentencing Court, sentence you up to 235 months'
> imprisonment or less, you have given up your right to
> appeal any such sentence or to challenge any such
> sentence in any proceeding, including any habeas
> corpus proceedings? Do you understand that?
> THE DEFENDANT: YES.

Id.

On February 26, 2018, about two months after the petitioner pleaded guilty, the petitioner sent a letter to the Court describing several defenses he believed were available to him. ECF No. 28.  The Court ordered the petitioner's defense counsel at the time, Mr. Myers, to advise the Court whether the petitioner sought any relief despite having entered a plea of guilty. Id.

On April 13, 2018, Mr. Myers informed the Court that he had been unable to convince the petitioner that the defenses he raised in his letter to the Court, namely that the petitioner's conviction was a result of entrapment and that the Court lacked jurisdiction, would not prevail. ECF No. 32. Nearly one month later, on May 10, 2018, Mr. Myers explained in a letter to the Court that the petitioner would be more comfortable proceeding with another attorney. ECF. No. 37. Mr. Myers stated that the

petitioner expressed a desire for new counsel after Mr. Myers and the petitioner had a three-hour meeting. During the meeting, counsel discussed the ramifications of the petitioner's moving to withdraw his guilty plea and the likelihood of his success at trial. Id.

At a conference on May 17, 2018, the Court appointed Marlon G. Kirton new counsel for the petitioner pursuant to the Criminal Justice Act. ECF No. 39. The Court cited irreconcilable differences between the petitioner and Mr. Myers as the reason for appointing new counsel. Tr. at 4-5, ECF No. 45. At a conference on October 1, 2018, the petitioner stated to the Court that he would not file a motion to withdraw his guilty plea. Tr. at 2-3, ECF No. 51. The petitioner also stated that he had an adequate opportunity to discuss the issue with Mr. Kirton and did not make the decision based on any threats or promises. Id. at 3. As a result, the case proceeded to sentencing.

On April 11, 2019, the Court sentenced the petitioner principally to 148 months' imprisonment to be followed by a five-year term of supervised release. Sent. Tr. at 21, ECF No. 61. During the petitioner's sentencing hearing, the petitioner stated the following: "Through the other attorneys that I had, I wanted to have a clearer defense, but they did not have the interest to help me. The one that I have had the most communication to this day has been Mr. Marlon Kirton, the

4

attorney. If I had met him first, things would be different."
Sent. Tr. at 11.

After the Court imposed the sentence, the Court had the
following colloquy with the petitioner:

> THE COURT: Mr. Alvarez-Denis, the reason that I ask
> these questions is that generally a defendant has the
> right to appeal the sentence. The notice of appeal
> must be filed within 14 days after the entry of the
> judgment of conviction. The judgment of conviction is
> entered promptly after the judge announces the
> sentence. If the defendant cannot pay the cost of
> appeal, the defendant has the right to apply for leave
> to appeal in forma pauperis. If the defendant
> requests, the clerk will prepare and file a notice of
> appeal on the defendant's behalf immediately. The
> rules require that the judge inform a defendant of
> this right to appeal.
>     In this case, the parties advise that you have
> given up, or waived, your right to appeal, and I'm
> confident that when I took your guilty plea, I went
> over with you the waiver of the right to appeal the
> sentence. So it appears that you have given up, or
> waived, your right to appeal the sentence. But I go
> over this with you now because I want to make sure
> that you talk to Mr. Kirton about this so that you're
> fully informed of all of your rights.
>     Do you understand what I said?
> THE DEFENDANT: Yes.

Sent. Tr. at 26-27. The Court signed the judgment on April 26,
2019. ECF No. 58. The petitioner never appealed judgment of
conviction or the sentence.

The petitioner has now filed this petition to have his
sentence vacated, set aside, or corrected pursuant to 28 U.S.C.
§ 2255 and for the appointment of counsel pursuant to 18 U.S.C.
§ 3006A. The petitioner alleges that his counsel did not meet

with him until approximately 20 days after he was sentenced, after the deadline to file a notice of appeal had passed. ECF No. 64, at 1. The petitioner alleges that when he did meet with Mr. Kirton, the petitioner expressed displeasure with his conviction and his sentence and informed Mr. Kirton that the petitioner wanted to appeal. Id.  The petitioner alleges that, at that meeting, Mr. Kirton advised him that no appeal could be taken and that the petitioner should not attempt to appeal on his own. Id.

In response to the petitioner's claim of ineffective assistance of counsel, the Court ordered Mr. Kirton to provide a sworn statement addressing the allegations in the petition. ECF No. 70.

In his statement submitted under the penalty of perjury, Mr. Kirton states that he did not receive any communication from the petitioner after the sentencing hearing on April 11, 2019 until he met with the petitioner at the Metropolitan Detention Center ("MDC") on April 23, 2019, twelve days after the Court imposed the sentence. ECF No. 76, Ex. C. Mr. Kirton states that, at the meeting, the petitioner expressed displeasure with his sentence, but that the petitioner did not raise concerns about his conviction or guilty plea. Id. Mr. Kirton states that he advised the petitioner that he had waived his right to appeal except for claims of ineffective assistance of counsel and

actual innocence. Id. Mr. Kirton also swears that at the meeting on April 23, 2019, he did not advise the petitioner not to file an appeal on his own and he did not tell the petitioner that the time to file an appeal had passed. Id.

Mr. Kirton's affidavit includes a Criminal Justice Act voucher for the services of a Spanish language interpreter at the MDC dated April 23, 2019. ECF No. 76, Ex. D.

In his amended motion filed after Mr. Kirton's sworn statement, the petitioner retreated from his earlier position that the meeting at the MDC occurred 20 days after sentencing, after the time to appeal had passed, and the petitioner now states that he has "no independent basis on which to question counsel's representation" that their meeting took place on April 23, 2019. ECF No. 77, at 2. In his amended motion, the petitioner continues to claim that Mr. Kirton advised the petitioner that the petitioner could not appeal and that the petitioner should not file an appeal on his own. Id.

In addition, the petitioner's amended motion alleges, for the first time, that he is entitled to relief on the ground that the Court failed to advise the petitioner at sentencing of his right to appeal, as required by Rule 32(j)(1)(B) of the Federal Rules of Criminal Procedure. Id. at 1. The petitioner also requested the production of an incomplete draft of Mr. Kirton's

affidavit that was in the possession of the Government. Id. at
2.[2]

## II.

### A.

The petitioner argues that he is entitled to relief because
he was deprived of effective assistance of counsel, as
guaranteed by the Sixth Amendment.

To establish that he has been denied effective assistance
of counsel, a petitioner must show both that (1) his counsel's
performance was deficient in that it was objectively
unreasonable under professional standards prevailing at the
time, and that (2) counsel's deficient performance was
prejudicial to the petitioner's case. See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984); Gersten v. Senkowski,
426 F.3d 588, 607 (2d Cir. 2005).

Under the first prong of the Strickland test, a defendant
must show that "counsel made errors so serious that counsel was
not functioning as the 'counsel' guaranteed the defendant by the
Sixth Amendment." Strickland, 466 U.S. at 687. There is a
"strong presumption" that defense counsel's conduct falls within
the broad spectrum of reasonable professional assistance, and a
petitioner "bears the burden of proving that counsel's

---

[2] The Government has produced Mr. Kirton's incomplete draft of an affidavit in
response to the petitioner's request. ECF No. 80, Ex. 1.

representation was unreasonable under prevailing professional norms." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89); see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

In order for a defendant to prove prejudice under the second prong of the Strickland test, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

Claims alleging ineffective assistance of counsel can "appl[y] to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Filing a notice of appeal "is a purely ministerial task that imposes no great burden on counsel," and counsel is "professionally unreasonable" if counsel fails "to follow the defendant's express instructions with respect to an appeal." Id. at 474, 478. Filing a notice of appeal does not necessarily breach a plea agreement that includes an appeal waiver "given the possibility that the defendant will end up raising claims beyond the waiver's scope." Garza v. Idaho, 139 S. Ct. 738, 746 (2019). Therefore, counsel

performs deficiently by failing to follow a defendant's instructions to file a notice of appeal even when a valid appeal waiver exists. Id.

**B.**

In his initial petition, the petitioner alleges that Mr. Kirton deliberately delayed meeting with the petitioner until the deadline to file a notice of appeal had passed.[3] This claim is without merit, which the petitioner now concedes in his amended petition. Moreover, Mr. Kirton's affidavit clearly supports Mr. Kirton's assertion that he met with the petitioner at the MDC on April 23, 2019, twelve days after the Court sentenced the petitioner. ECF No. 76, Ex. C. Attached to Mr. Kirton's affidavit is a voucher for the services of a Spanish language interpreter employed for the meeting. ECF No. 76, Ex. D. The voucher is dated April 23, 2019, which supports Mr. Kirton's assertion about the date of the meeting.

Therefore, to the extent that the petitioner bases his claim for ineffective assistance of counsel on Mr. Kirton's alleged failure to meet with the petitioner following sentencing in time to file a notice of appeal, his claim is without merit.

---

[3] A notice of appeal in a criminal case "must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i).

The petitioner next alleges that Mr. Kirton acted unreasonably by advising him during the meeting at the MDC that the petitioner could not file an appeal. ECF No. 65, at 1.

The petitioner claims he told Mr. Kirton that the petitioner wanted to appeal and the petitioner claims that the petitioner expressed displeasure with both his conviction and his sentence of 148 months' imprisonment. Id. Mr. Kirton states in his sworn statement that the petitioner expressed displeasure only with his sentence and not with his conviction or guilty plea. ECF No. 76, Ex. C. Additionally, Mr. Kirton affirms that the petitioner did not inquire about filing an appeal on his own and that counsel did not tell the petitioner that the petitioner could not do so. Id.

There is plainly a dispute between the parties about what occurred during the April 23, 2019 meeting at the MDC, namely whether the petitioner inquired about filing an appeal, and whether Mr. Kirton told the petitioner that he could not do so. The petitioner has requested that the Court schedule an evidentiary hearing to resolve disputes of material facts.

The Second Circuit Court of Appeals has noted that when a section 2255 petition is filed, the court should grant a hearing and make findings of fact unless "'the motion . . . and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F.3d 79, 84 (2d Cir.

11

2001) (quoting 28 U.S.C. § 2255). On the other hand, "a detailed affidavit from trial counsel credibly describing the circumstances concerning appellant's failure to testify . . . [is] sufficient to support dismissal of the petition." Id. at 85.

In this case, Mr. Kirton has submitted a sworn statement with his account of his meeting with the petitioner. The detailed affidavit is sufficient to support dismissal of the petition without an evidentiary hearing.[4] While the petitioner asserted initially that he desired to file an appeal, the petitioner has never asserted that he told Mr. Kirton to file a notice of appeal on his behalf, an assertion that would have been inconsistent with his initial claim that Mr. Kirton did not meet with him until after the time to appeal had passed.  The petitioner does assert that Mr. Kirton advised him that no appeal could be taken and that the petitioner should not attempt to appeal on his own. But the petitioner provides no corroborating facts to support those assertions and Mr. Kirton denies under oath that he made those statements to the

---

[4] "Where an evidentiary hearing is not warranted, appointment of counsel in a habeas corpus proceeding is discretionary." Azzara v. United States, Nos. 10-cv-8104 & 02-cr-1446, 2011 WL 5025010, at *2 (S.D.N.Y. Oct. 20, 2011). Because the petitioner's claims lack merit, the claims at issue in this case are not particularly complex, and the petitioner is capable of pressing his claims in this court pro se, the Court declines to appoint counsel to represent the petitioner in these proceedings. See id.; Hodge v. Police Officers, 802 F.2d 58, 60-62 (2d Cir. 1986) (outlining factors that guide the district court when considering whether to appoint counsel in a civil case).

petitioner. The petitioner's own credibility is very much in question because he previously fabricated the date on which his meeting with Mr. Kirton took place in an apparent effort to support his contention that Mr. Kirton delayed meeting with him "presumably deliberately" until after the expiration of the time to file a notice of appeal. ECF. No. 65, at 1. In contrast to the petitioner's self-serving testimony, the voucher for a Spanish language interpreter on April 23, 2019 corroborates aspects of Mr. Kirton's version of events. Therefore, the Court will credit Mr. Kirton's affidavit and decline to credit the petitioner's allegations. See Garcia v. United States, No. 04-cv-6020, 2008 WL 683661, at *5 (S.D.N.Y Mar. 14, 2008) (declining to credit the petitioner's claims, where the petitioner relied "solely on his own highly self-serving and improbable assertions" and the petitioner's counsel gave a "detailed description of events [that] was eminently credible") (quoting Chang, 250 F.3d at 86), report and recommendation adopted, 2008 WL 2446840 (S.D.N.Y., June 17, 2008).

Mr. Kirton affirms that he advised the petitioner that he had waived his right to appeal because the Court sentenced the petitioner below the stipulated guidelines range, and that the petitioner had waived his right to appeal except for claims of ineffective assistance of counsel or actual innocence. Mr. Kirton denies telling the petitioner that the petitioner  could

not file a notice of appeal on his own, and states that the petitioner never inquired about filing a notice of appeal on his own. The petitioner does not attempt to show that there was anything incorrect in this advice or that the advice amounted to ineffective assistance of counsel.  Mr. Kirton therefore did not render ineffective assistance of counsel. See Puello v. United States, No. 03-cv-3757, 2004 WL 42282, at *3 (S.D.N.Y. Jan. 7, 2004) (denying the petitioner's ineffective assistance of counsel claim because there was no evidence that he asked counsel to file an appeal on his behalf); Jang v. United States, No. 03-cv-4020, 2004 WL 470031, at *4 (E.D.N.Y. Jan. 23, 2004) (denying a petitioner's ineffective assistance of counsel claim due to the petitioner's "conclusory allegations" that counsel ignored his instruction to file a notice of appeal when counsel's "credible affidavit" stated that he was not asked to file a notice).

To the contrary, Mr. Kirton represented the petitioner effectively throughout the litigation. Indeed, the petitioner praised Mr. Kirton's representation at sentencing. While the petitioner was displeased with his sentence, despite it being substantially below the stipulated Sentencing Guideline Range, the petitioner has failed to explain how Mr. Kirton rendered ineffective assistance of counsel.  Therefore, the petitioner

14

has failed to meet the first prong of the Strickland test for ineffective assistance of counsel.

It also follows that the petitioner has failed to meet the second prong of the Strickland test, namely that he was prejudiced by the allegedly ineffective assistance of counsel. Because there was nothing inaccurate in the advice given by Mr. Kirton, the petitioner could not have been prejudiced by such advice. Moreover, because there is no allegation or evidence that Mr. Kirton ignored a request to file a notice of appeal on the petitioner's behalf, this is not a case where the petitioner could take advantage of the presumption of prejudice from the failure to file such a notice that is established by Flores-Ortega and Garza. The petitioner has therefore failed to establish that he is entitled to relief based on allegedly ineffective assistance of counsel.

### III.

The petitioner's second claim, that the Court did not advise him of his right to appeal, is without merit.

The petitioner claims in his amended motion that the Court failed to advise him properly of his appellate rights pursuant to Rule 32(j)(1)(B) of the Federal Rules of Criminal Procedure. The Rule provides that "[a]fter sentencing--regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence." Fed. R. Crim. P. 32(j)(1)(B). In

this case, the Court carefully followed the advice of the Court
of Appeals for the Second Circuit.  Here, the petitioner pleaded
guilty pursuant to a plea agreement that contained an appellate
waiver if the petitioner was sentenced to a term of imprisonment
that was within or below the stipulated Sentencing Guideline
Range, as occurred in this case.  The Court fully explained that
appellate waiver to the petitioner at the time of the plea.
Therefore, an unqualified statement to the petitioner at the
time of sentencing that he had a right to appeal would have been
misleading.  The Court of Appeals has advised: "Where a waiver
of appeal is of the type we have ruled generally enforceable,
and has been fully explained to a defendant as required by Rule
11(c)(6), district judges sentencing after a plea of guilty
should not give unqualified advice concerning a right to appeal.
In such cases, they might consider mentioning that appellate
rights were waived in the plea agreement, . . . ." United States
v. Tang, 214 F.3d 365, 370 (2d Cir. 2000)(internal citations
omitted), abrogated on other grounds by United States v. Cook,
722 F.3d 477, 481 (2d Cir. 2013).  If there are specific
limitations on the appellate waiver, defense counsel and the
Government should bring those limitations to the Court's
attention.  See United States v. Fisher, 232 F.3d 301, 303-04
(2d Cir. 2000). Neither defense counsel nor the Government
brought any limitations of the appellate waiver to the Court's

16

attention and the petitioner fails to explain why the Court's instructions at the time of the sentencing were improper. See Cisse v. United States, 330 F. Supp. 2d 336, 340-41 (S.D.N.Y. 2004) (finding no error where the court carefully advised the petitioner of the effects of an appeal waiver both at the pleading stage and at the sentencing hearing, and the petitioner confirmed that he understood his rights to appeal and his subsequent waiver of those rights).

The petitioner's claim that the Court failed to advise him of his appellate rights in violation of Rule 32(j)(1)(B) is therefore without merit.

### CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **denied**. The Clerk is directed to close all pending motions on the civil docket, No. 19-cv-8773, and to close the civil docket.

The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

Chambers will mail a copy of this opinion to the <u>pro se</u>
petitioner.


**SO ORDERED.**

**Dated:      New York, New York**
             **September 2, 2020**            <u>     /s/ John G. Koeltl     </u>
                                              **John G. Koeltl**
                                              **United States District Judge**