UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    - against -

JOSE HEBERTO ALVAREZ DENIS,

                Defendant.

15 Cr. 632 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

    The defendant, Jose Heberto Alvarez Denis, has brought a motion for compassionate release. On April 11, 2019, following the defendant's plea of guilty to one count of conspiracy to violate various provisions of the federal narcotics laws, the Court sentenced the defendant principally to 148 months' imprisonment. See ECF No. 58. The amount of narcotics involved in the offense was in excess of 500 kilograms of cocaine. The Court varied downwardly from the Guidelines sentencing range of 188 to 235 months' imprisonment, despite the recommendation of the Probation Department for a sentence of 188 months' imprisonment. The Court considered the large amount of cocaine involved in the offense and the fact that the defendant was previously convicted in this District of a narcotics offense and sentenced to 40 months' imprisonment, which proved insufficient to deter the defendant from committing the offense at issue in the defendant's current conviction. See Sentencing Transcript, ECF No. 61, at 20-21. The Court carefully took into account the

1

defendant's individual circumstances including his poor health and the fact that the defendant had been initially incarcerated in Colombia for about fourteen months before being extradited to the United States. See id. at 21.[1] The defendant previously requested that he be given credit for his incarceration in Colombia. On May 21, 2021, consistent with the Court's recommendation at sentencing, the Bureau of Prisons ("BOP") substantially granted the defendant's request and modified the defendant's projected release date to September 25, 2026. See id.; ECF No. 96, 96-1.[2] Accordingly, the defendant has now received credit for his incarceration in Colombia. The defendant is expected to be removed from the United States upon his release.

The defendant previously filed a motion for compassionate release, which the Court denied without prejudice on September 2, 2020. ECF No. 85. The defendant, proceeding pro se, now moves for reconsideration of the denial of his motion for compassionate release. Whether treated as a motion for

---

[1] The Court stated at sentencing that the defendant had been imprisoned in Colombia for thirteen months, Sentencing Tr., at 21, but the record reflects that the defendant was imprisoned in Colombia for slightly more than fourteen months: from February 25, 2016 through April 27, 2017. See Presentence Investigation Report ¶ 14. The defendant has received credit for his incarceration in Colombia beginning February 25, 2016. See ECF No. 96, 96-1.

[2] As the Court noted in its Order dated June 16, 2021, ECF No. 97, the only difference between the BOP's determination and the defendant's previous request was that the BOP determined that the defendant's sentence began on February 25, 2016, as opposed to February 24, 2016, which was the date requested by the defendant. The Court noted that the determination of when the defendant's sentence commenced is within the discretion of the BOP.

2

reconsideration or a renewed motion for compassionate release, the motion is denied.

I.

18 U.S.C. § 3582(c)(1)(A)(i) provides that a district court may reduce a sentence after considering the factors set forth in § 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated "extraordinary and compelling reasons" that justify the sentence reduction. See United States v. Booth, No. 19-cr-699, 2022 WL 2119097, at *1 (S.D.N.Y. June 10, 2022).[3] The factors set forth in 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines sentencing range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. The district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

3

"The applicable standard for a reconsideration motion in a criminal case is the same as the civil standard under Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York." United States v. Kerik, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009). Local Civil Rule 6.3 provides that a party may move for reconsideration of a court order based on "matters or controlling decisions which [the moving party] believes the Court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Jelen v. Breezy Point Coop., Inc., No. 18-cv-3440, 2018 WL 8996342, at *1 (E.D.N.Y. Dec. 21, 2018). "[W]here the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion[,] the motion for reconsideration must be denied." Kerik, 615 F. Supp. 2d at 276 n.27.

4

## II.

The defendant asserts several grounds for compassionate release. The Government argues that there are no extraordinary and compelling reasons warranting compassionate release and that the relevant § 3553(a) factors weigh strongly against a reduced sentence.

Initially, a couple of the grounds that the defendant raises for compassionate release are not appropriate bases for compassionate release. For example, the defendant argues that he should be afforded earned time credits under the First Step Act of 2018. The Government argues that the defendant is not eligible for such credits because he will be removed from the United States at the conclusion of his term of imprisonment. In any event, to the extent the defendant contends that he should receive these credits, he should exhaust his administrative remedies within the BOP and thereafter, if there is a dispute, proceed with a petition pursuant to 28 U.S.C. § 2241. See, e.g., Rosenberg v. Pliler, No. 21-cv-5321, 2021 WL 6014938, at *2 (S.D.N.Y. Dec. 20, 2021) (inmates must comply with BOP's four-step Administrative Remedy Program before petitioning for earned time credits).

The defendant also contends that, because of his immigration status and prospective removal from the United States, he has been denied access to various programs by the BOP

5

such as early release to home confinement or a halfway house, and rehabilitation programs such as drug treatment which would also provide for early release. He asserts that these denials constitute violations of his constitutional rights, but it is doubtful that the defendant has stated any constitutional claim. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (federal prisoners have no right to due process protections regarding "eligibility for rehabilitative programs"); Abed v. Armstrong, 209 F.3d 63, 67 (2d Cir. 2000) (inmates have no constitutional right to discretionary good time release, or to participation in prison programs that might expedite release); Blount v. Badami, No. 21-cv-2700, 2021 WL 2226631, at *3 (S.D.N.Y. June 1, 2021) ("As a general matter, prisoners have no constitutional right to participate in drug treatment or other rehabilitative programs that might shorten their sentences or otherwise expedite their release.") (collecting cases). Moreover, the appropriate remedy for any constitutional violation would be a civil suit. There is nothing about the defendant's inability to participate in rehabilitative programs that suggests to the Court that the § 3553(a) factors support the defendant's early release from prison.

The defendant's remaining arguments for compassionate release do not support his early release. The defendant relies on his family circumstances, the conditions of confinement he

experienced in Colombia, his disciplinary record, and his argument that his sentence was excessive.[4] None of these arguments are sufficient to show that the § 3553(a) factors support the defendant's release. The Court took the defendant's individual circumstances into account, including the defendant's poor health and his difficult period of confinement in Colombia, in arriving at a sentence that was sufficient but no greater than necessary to accomplish the purposes of sentencing set forth in § 3553(a)(2). See Sentencing Tr., at 21. The Court also appropriately noted the large quantity of drugs involved in the offense and the fact that the defendant had previously been convicted of a serious drug offense and sentenced to 40 months' imprisonment. See id. at 20-21. The Court nevertheless downwardly varied from the Guidelines sentencing range by 40 months based on the defendant's individual mitigating circumstances. There is nothing in the defendant's additional arguments that changes the Court's calculation or suggests that a lower sentence would be sufficient to accomplish the proper purposes of sentencing including deterrence and protection of the public. Therefore, the defendant's request for compassionate release is **denied.**

---

[4] The defendant attached letters in support of his motion that were written in Spanish. The Court's Interpreters Office prepared English translations of these letters for the Court. Those English translations are attached to this Memorandum Opinion and Order.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for compassionate release or reconsideration is **denied**. The Clerk is directed to close all pending motions. The Clerk is also directed to mail a copy of this Memorandum Opinion and Order, together with the attachments, to the defendant and to note service on the docket.

**SO ORDERED.**

Dated:   New York, New York
         September 6, 2022

_____
John G. Koeltl
United States District Judge

# ATTACHMENT B

[Translation from Spanish]

## TO WHOM IT MAY CONCERN

I am hereby pleased to provide a reference for my husband **HEBERTO ALVAREZ DENIS, bearer of State Identification No. 71.978.379**[.] As his wife, I can say I know him deeply, as we have maintained a close and trusting relationship for 30 years[.]

Based on our close family relationship, I can confirm that **HEBERTO ALVAREZ** was raised and has developed in a healthy family environment, with utmost values and principles, including honor, respect, and responsibility for his household and his children.

Lastly, I can say that my husband **HEBERTO** has proven himself to be an esteemed and cherished person in his home and [by] his children in various settings, and has always displayed his willingness to help family members, friends and even strangers.

I sincerely submit this reference on behalf of my husband **HEBERTO** and am confident that he will lead a successful family life.

In witness thereof, I hereby issue my signature in Cali on April 25, 2022.

Sincerely,

**LUZ MARY BETANCOURTH [sic] ESCOBAR**     [signed] *Luz Mary Betancourt*

State I.D. No. 66.946.356 of Cali

## TO WHOM IT MAY CONCERN

I hereby extend my greetings and affirm that I have known my father, HEBERTO ALVAREZ DENIS, of Turbo, Antioquia, bearer of State Identification No. 71.978.379, for the past 23 (twenty-three) years, and have maintained close contact with him. During that time, he has proven himself an excellent father who has taught us respect and attentiveness, being helpful and highly responsible.

I submit this recommendation for any activity, responsibility or task to which he may be assigned.

I hereby issue this reference letter and issue my signature on April 25 (twenty-fifth), 2022.

Sincerely,

[signature illegible]

**STEVEN ALVAREZ BETANCOURT**

State I.D. No. 1.144.102.535 of Cali

April 10, 2022

Arboletes, Antioquia

I, Edith Alvarez Julio, live in the city of Arboletes, Antioquia.

I am the sister of Heberto Alvarez Denis, bearer of State I.D. No. 71978379, born in Turbo, Antioquia on December 20, 1969.

My brother has been a very dear and special person to me and my father, as he is always there for me, helping out however he can[.] He was a great help to my father when he was sick with a terminal cancer, paying for his medical treatment, transportation, tests, medications, clothing and food.

Thanks to the treatment, my father lived longer than the doctors had given him[.] Then my brother's freedom was taken away, and my father could not continue his treatment[.] He began to worsen and then died on January 5, 2017, saddened by his inability to see his son, and my brother was unable to attend my father's funeral[.] It pained us greatly, even though he got in touch with me.

Now, my brother is sorry for everything that has happened to him in his life and wishes to redeem himself through honest employment, in order to help his family and continue his children's upbringing, being there for them in good times and bad. He begs that you help him close this chapter. Brother, we need you in Colombia so we can be together again, and I am always asking God and the Virgin Mary for that day to come.

I need your support right now because I'm going through a tough time financially and you're unable to help me[.] Brother, you're so dear to me, I love you[.] You don't know how much I suffer because you're not with your family and you can't visit me, but I know that you'll soon return by God's grace[.] Take good care of yourself[;] may God and the Virgin always be with you.

Sincerely, your sister Edith Alvarez Julio
         [signed] *Edith Alvarez Julio*
State I.D. No.: 39412419 By Mail

## TO WHOM IT MAY CONCERN

I am hereby pleased to enthusiastically submit a reference letter on behalf of Mr. **HEBERTO ALVAREZ DENIS** of Turbo, Antioquia, bearer of State Identification No. 71.978.379[.] Throughout the 20 years since I've made his acquaintance, I have known him to be an honest and responsible person who has displayed outstanding principles and values.

He has furthermore demonstrated a positive attitude and various good deeds toward his family, as well as a healthy family life.

I hereby issue my signature in Cali on April 13 (thirteenth), 2022.

Sincerely,

[signature illegible]
**JOSE GUILLERMO PALOMARES PERDOMO**
State I.D. 16.680.877 of Cali
Mobil Tel. No. 3136250801

## TO WHOM IT MAY CONCERN

I hereby enthusiastically submit this reference letter on behalf of Mr. **HEBERTO ALVAREZ DENIS** of Turbo, Antioquia, bearer of State Identification No. 71.978.379[.] For the past 22 years, I have known him to be an honest and responsible person who always fulfills his duties, with principles and values that reflect his irreproachable conduct.

Alongside his virtues, I furthermore acknowledge his treatment of others and his good manners in every sense of the word.

In witness thereof, I hereby issue my signature in Cali on April 13 (thirteenth), 2022.

Sincerely,

[signature illegible]
**LUZ EDITH GUEVARA AGREDO**
**State I.D. No. 31.282.984 of Cali**
**Mobile Tel. No. 312.2378131**

## LETTER OF REFERENCE

I hereby enthusiastically submit this reference letter on behalf of my father, Mr. **HEBERTO ALVAREZ DENIS** of Turbo, Antioquia, bearer of State Identification No. 71.978.379, with whom I have maintained a close relationship as his son since I was 19 years old, during which time he has proven himself to be an utmost respectable and trustworthy person.

As a father, he has always been respectful, honest and highly responsible, maintaining close relationships with his whole family and always applying the values and principles that were instilled in him since childhood.

He has always been ready to help and support his family, bringing familial relationships even closer together.

For the reasons stated, I submit this reference letter on behalf of my father without hesitation as a great human being in every sense of the word.

In witness thereof, I hereby issue my signature in Cali on April 25 (twenty-fifth), 2022.

Sincerely,

[signature illegible]

**SAMMY JOSE ALVAREZ BETANCOURT**

State I.D. No. 1.109.543.043 of Cali

## TO WHOM IT MAY CONCERN

I hereby submit this reference letter on behalf of my father, **HEBERTO ALVAREZ DENIS** of Turbo, Antioquia, bearer of State Identification No. 71.978.379, with whom I maintain a warm relationship that has always been fostered through respect and communication.

His whole life, he has proven himself trustworthy, humble, respectful, free of bad habits, and [a man] of good morals and irreproachable conduct.

He has always maintained responsible and respectful family ties, keeping close with all his family members, always emphasizing the values and principles he was taught since childhood[.] Throughout his life he has been eager to help his family and brought family members even closer together.

For the reasons stated, I enthusiastically submit this reference letter on behalf of my father **HEBERTO ALVAREZ DENIS** without hesitation.

In witness thereof, I hereby issue my signature in Cali on April 25, 2022.

Sincerely,

**JOHAN JOSE ALVAREZ BETANCOURT**

State I.D. No. 1.109.543.044 of Cali                    [signature illegible]

[End of translation. Translated 8/16/2022 by SDNY Interpreters Office (GM). Words in brackets are translator's comments. Grammatical corrections were made for ease of reading.]