**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **15-cr-632 (JGK)** |
| - against - | **MEMORANDUM OPINION AND ORDER** |
| **JOSE HEBERTO ALVAREZ DENIS,** | |
| Defendant. | |

---------------------------------

**JOHN G. KOELTL, District Judge:**

On August 21, 2023, the defendant, Jose Heberto Alvarez Denis, filed a third motion for compassionate release. ECF No. 112. The Court previously denied the first motion for compassionate release without prejudice on September 2, 2020. ECF No. 85. The defendant then filed a motion for reconsideration or a second motion for compassionate release which the Court denied on September 6, 2022. United States v. Denis, No. 15-cr-632, 2022 WL 4088058 (S.D.N.Y. Sept. 6, 2022). The Court of Appeals for the Second Circuit dismissed an appeal from that denial because the appeal lacked an "arguable basis either in law or in fact." ECF No. 111. In the defendant's current petition, the defendant raises substantially the same arguments he raised in his first two motions and those grounds do not warrant the grant of compassionate release for substantially the same reasons they failed to warrant compassionate release when the defendant raised those grounds in the previous petitions. The defendant's motion is therefore **denied.**

1

I.

On April 11, 2019, following the defendant's plea of guilty to one count of conspiracy to violate various provisions of the federal narcotics laws, the Court sentenced the defendant principally to 148 months' imprisonment. See ECF No. 58. The amount of narcotics involved in the offense was in excess of 500 kilograms of cocaine. The Court varied downwardly from the Guidelines sentencing range of 188 to 235 months' imprisonment, despite the recommendation of the Probation Department for a sentence of 188 months' imprisonment. The Court considered the large amount of cocaine involved in the offense and the fact that the defendant was previously convicted in this District for a narcotics offense and sentenced to 40 months' imprisonment, which proved insufficient to deter the defendant from committing the offense at issue in the defendant's current conviction. See Sentencing Transcript, ECF No. 61, at 20-21.

The Court carefully took into account the defendant's individual circumstances including his poor health and the fact that the defendant had been initially incarcerated in Colombia for about fourteen months before being extradited to the United States. See id. at 21.

The Government represents that the defendant's current discharge date from FCI Fort Dix, New Jersey, is September 25, 2025, ECF No. 114, at 5, although the petitioner states that his release date is in November, 2027, ECF. No. 112, at 7. The

petitioner will likely be removed to Colombia at the conclusion of his imprisonment.

## II.

18 U.S.C. § 3582(c)(1)(A)(i) provides that a district court may reduce a sentence after considering the factors set forth in § 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated "extraordinary and compelling reasons" that justify the sentence reduction. See United States v. Booth, No. 19-cr-699, 2022 WL 2119097, at *1 (S.D.N.Y. June 10, 2022). The district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

## III.

Initially, the Government does not dispute that the defendant has exhausted his administrative remedies. However, the defendant has failed to show that there are "extraordinary and compelling reasons" justifying his release for substantially the same reasons already explained in the Court's decisions denying the first two motions for compassionate release. Moreover, the Section 3553(a) factors weigh strongly against granting compassionate release.

Initially, the defendant argues, as he did on the second motion for compassionate release, that he should be entitled to various credits under the First Step Act of 2018. See ECF No. 112,

at 7. However, as the Court pointed out in denying this claim, to the extent that the defendant is entitled to credits under the First Step Act, he should raise that issue with the Bureau of Prisons (BOP) and exhaust his administrative remedies within the Bureau of Prisons and thereafter proceed with a petition pursuant to 28 U.S.C. § 2241. See Denis, 2022 WL 4088058, at *2.

The defendant also argues that he is not eligible for certain alternatives to release or programs in the BOP because he will be removed from the United States upon the completion of his sentence. See ECF No. 112, at 8-9. But the Court already concluded that this is not a basis for compassionate release. See Denis, 2022 WL 4088058, at *2. Moreover, the Court carefully crafted the defendant's sentence irrespective of any early release possibilities for the defendant and imposed a sentence that was sufficient but no greater than necessary to comply with the purposes of Section 3553(a)(2). That the defendant will not be released earlier than the Court determined was necessary to meet the goals of the statute is not an extraordinary or compelling reason for release.

The defendant also argues that his sentence was "excessive," ECF No. 112, at 2, 3, but that is simply not true and is not a basis for release. The Court sentenced the defendant to 148 months' imprisonment which was 40 months below the bottom of the applicable Guidelines Sentencing Range and 40 months below the sentence recommended by the Probation Department, and the Court did so only

after carefully considering the Section 3553(a) factors.

The defendant also points to his health conditions and the difficulties that FCI Fort Dix has had in dealing with COVID issues. See ECF No. 112, at 10-15. But the Government points out that the defendant has received the COVID-19 vaccine, see ECF No. 114, at 3 n.3, and the defendant has not pointed to any current health issue that is so severe as to rise to the level of an "extraordinary and compelling reason."

The defendant also points to his good disciplinary record while incarcerated and to his desire to care for his adult son in Colombia who has serious medical issues. See ECF No. 2-4. But the Court has already found that these reasons are not sufficient to overcome the Section 3553(a) factors that justify continued imprisonment. The defendant's release would not be consistent with Section 3553(a). At sentencing, the Court took the defendant's personal characteristics into account, but also noted the seriousness of the offense and the need for deterrence. The Court appropriately noted the large quantity of drugs involved in the offense and the fact that the defendant had previously been convicted of a serious drug offense and sentenced to 40 months' imprisonment. See Sentencing Tr., at 20-21. The Court nevertheless downwardly varied from the Guidelines sentencing range by 40 months based on the defendant's individual mitigating circumstances. There is nothing in the defendant's arguments that changes the Court's calculation or suggests that a lower sentence would be sufficient

5

to accomplish the proper purposes of sentencing including deterrence and protection of the public. Therefore, the defendant's request for compassionate release is **denied.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for compassionate release is **denied.** The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk is directed to close all pending motions.

SO ORDERED.

Dated: New York, New York
October 16, 2023

John G. Koeltl
United States District Judge