AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Alvarez Denis | ) | Case No: 15cr632 |
| | ) | USM No: 62211-054 |
| Date of Original Judgment: 04/26/2019 | ) | |
| Date of Previous Amended Judgment: | ) | Aaron Jonathan Mysliwiec, Kenneth Alan Paul |
| *(Use Date of Last Amended Judgment if Any)* | ) | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

```
The defendant does not qualify for a sentence reduction under Amendment
821 and the Sentencing Guidelines. Therefore, the Sentencing Guidelines
range remains the same and the sentencing factors considered at sentencing
remain the same.
```

Except as otherwise provided, all provisions of the judgment dated  01/19/2024  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 1/29/24

Effective Date: _____
*(if different from order date)*

Judge's signature

JOHN G. KOELTL, U.S.D.J.
*Printed name and title*

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Alvarez Denis
CASE NUMBER: 15cr632
DISTRICT: Southern District of New York

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 35            Amended Total Offense Level: N/A
Criminal History Category: II               Criminal History Category: N/A
Previous Guideline Range: 188 to 235 months    Amended Guideline Range: N/A to ____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The Court imposed a sentence of 148 months of imprisonment followed by a five-year term of supervised release. In imposing this sentence, the Court considered the seriousness of the offense and the amount of cocaine involved in the conspiracy. See Sentencing Tr. at 20. The Court also considered the defendant's previous conviction for a drug offense. Id. at 21. The Court took into account mitigating factors, including the defendant's previous imprisonment and poor health. Id.

```
The defendant does not qualify for a sentence reduction under
Amendment 821 of the Sentencing Guidelines.
```